THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JASON A. BLAUSER, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 24-134 |
| | ) | |
| v. | ) | Magistrate Judge Maureen P. Kelly |
| | ) | |
| THE PA PAROLE BOARD, THE | ) | Re: ECF No. 8 |
| SUPERINTENDENT OF SCI FOREST, and | ) | |
| THE PA ATTORNEY GENERAL, | ) | |
| | ) | |
| Respondents. | ) | |

**MEMORANDUM OPINION**

Pending before the Court[1] is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 (the "Petition") filed by Jason A. Blauser ("Petitioner"). ECF No. 1. The Petition will be denied as moot and a certificate of appealability will be denied.

**I.    Procedural History**

Petitioner is serving a sentence of 42 months to 10 years' imprisonment imposed on July 19, 2019, by the Court of Common Pleas of Venango County at Docket Number CP-61-CR-0000864-2018, following his conviction of strangulation.

The Pennsylvania Parole Board ("the Board") denied Petitioner parole on February 15, 2022, February 8, 2023, March 19, 2024, February 13, 2025, and February 12, 2026. ECF Nos. 15-1 at 57-65, 20-1, and 20-2. Petitioner commenced this litigation on or about May 15, 2024, when he mailed the Petition. ECF No. 1-1 at 15. The Petition was filed on July 17, 2024. ECF No. 8. Therein, Petitioner challenges the Board's March 19, 2024, decision to deny him parole

---

[1] Pursuant to 28 U.S.C. § 636(c), the parties have consented to the jurisdiction of a United States Magistrate Judge to conduct all proceedings, including trial and entry of final judgment, with direct review by the United States Court of Appeals for the Third Circuit if an appeal is filed. ECF Nos. 4, 21.

Respondents filed an Answer. ECF No. 15. Petitioner filed a Reply. ECF No. 19. Respondents recently filed a Supplement to their Answer, asserting therein that the Petition has been rendered moot by subsequent parole decisions. ECF No. 20.

## II.    Analysis

Under 28 U.S.C. § 2254, a federal court may grant a state prisoner a writ of habeas corpus "on the ground that he or she is in custody in violation of the Constitution…of the United States." 28 U.S.C. § 2254(a). It is Petitioner's burden to prove that he is entitled to the writ. See, e.g., Vickers v. Superintendent Graterford SCI, 858 F.3d 841, 848-49 (3d Cir. 2017).

However, it is a well-established principle that federal courts do not have jurisdiction to decide an issue unless it presents a live case or controversy as required by Article III, § 2, of the United States Constitution. Spencer v. Kemna, 523 U.S. 1, 7 (1998). "'To invoke the jurisdiction of a federal court, a litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'" Burkey v. Marberry, 556 F.3d 142, 147 (3d Cir. 2009) (quoting Lewis v. Continental Bank Corp., 494 U.S. 472, 477 (1990)). "The case or controversy requirement continues through all stages of federal judicial proceedings, trial and appellate, and requires that parties have a personal stake in the outcome." Id. (citing Lewis, 494 U.S. at 477-78).

Thus, if developments occur during the litigation that eliminate a petitioner's personal stake in the outcome of a suit or prevent a court from being able to grant effective relief, the case must be dismissed as moot. Id. at 147-48; Keitel v. Mazurkiewicz, 729 F.3d 278, 280 (3d Cir. 2013). Such is the case here.

Because the only relief that a court can grant on a challenge such as the one Petitioner raises is a new parole hearing, a subsequent hearing held by the Board renders an inmate's

challenge to the prior parole decision moot. See Weiler v. Overmyer, Civ. A. No. 21-303, 2024 WL 3327771 (W.D. Pa. 2024) (collecting cases).

Petitioner challenges the Board's March 19, 2024, decision. The only relief this Court could award Petitioner based on his claims is to order a new parole hearing. However, he received additional parole hearings in 2025 and 2026 after the filing of this habeas petition. Therefore, his challenge to the Board's prior denial of parole, on March 19, 2024, is moot.

Accordingly, the Petition will be denied as moot.

**III.    Certificate of Appealability**

AEDPA codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. It provides that "[a] certificate of appealability may issue...only if the applicant has made a substantial showing of the denial of a constitutional right."28 U.S.C. § 2253(c)(2). Petitioner is not entitled to a certificate of appealability because jurists of reason would not find it debatable that his claims should be dismissed as moot. Slack v. McDaniel, 529 U.S. 473, 484 (2000).

An appropriate Order follows.

Dated: June 12, 2026

BY THE COURT:

MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

3

cc.    All counsel of record by Notice of Electronic Filing

Jason A. Blauser, Sr.
NX-0381
SCI Forest
P.O. Box 307
286 Woodland Drive
Marienville, PA 16239